UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

    Plaintiff,

v

                                          Case No.
                                          Hon.

TROOPER ETHAN BERGER,
Individually,

    Defendant.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON IV (P65351)
GINA U. PUZZUOLI (P37992)
DANIELLE L. DEZBOR (P79488)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

There is a pending civil action against a
different defendant arising out of the same
transaction or occurrence alleged in this
Complaint before the Honorable Gershwin A.
Drain, Case No. 17-cv-12860.

---

NOW COMES, Plaintiff, MONIQUE GRIMES, as Personal Representative of the Estate of DAMON GRIMES, by and through her

attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint and Jury Demand against the above named Defendant, hereby states as follows:

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

4. The amount in controversy exceeds Seventy-Five Thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

5. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d). The events took place in the City of Detroit, County of Wayne, State of Michigan, which is located within the jurisdiction of the

United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

6. At all times relevant to this lawsuit, Plaintiff's Decedent, DAMON GRIMES, was a resident of the City of Detroit, County of Wayne, State of Michigan.

7. At all times relevant hereto, MONIQUE GRIMES, was duly appointed as Personal Representative of the Estate of DAMON GRIMES by the Wayne County Probate Court.

8. Upon information and belief, at all times relevant hereto, TROOPER ETHAN BERGER was a citizen of the State of Michigan and was acting in his individual capacity and under the color of state law within the course and scope of his employment as a State Trooper for the State of Michigan.

## FACTUAL STATEMENT

9. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

10. On or about August 26, 2017, at around 5:30 p.m., DAMON GRIMES, who was 15 years old, was operating an all-terrain vehicle

[hereinafter, "ATV"] east on Rossini, near Gratiot avenue, in the City of Detroit, State of Michigan.

11. At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, began to pursue DAMON GRIMES and did so in a manner in direct violation of the laws of the State of Michigan and/or policies and procedures of the Michigan State Police.

12. That Defendant, TROOPER ETHAN BERGER, was driving the patrol car and was in pursuit of DAMON GRIMES, who was merely riding his ATV.

13. At no time did Defendant, TROOPER ETHAN BERGER, witness DAMON GRIMES commit any violent crime or felony.

14. At no time did DAMON GRIMES have a weapon or display any object that appeared to be a weapon.

15. At no time did DAMON GRIMES threaten Defendant, TROOPER ETHAN BERGER, in any way.

16. At no time did DAMON GRIMES pose an immediate threat of harm to Defendant, TROOPER ETHAN BERGER, or any other person in the immediate vicinity.

17. At all times relevant hereto, while Defendant TROOPER ETHAN BERGER, pursued DAMON GRIMES in his patrol car, he

authorized and allowed, his passenger to deploy his Taser directly at DAMON GRIMES through the open window of Defendant's moving patrol vehicle in violation of the United States Constitution and the Michigan State Police's policies and/or procedures.

18. At all relevant times, TROOPER ETHAN BERGER was fully aware of his and his passenger's unconstitutional actions.

19. At all times relevant hereto, DAMON GRIMES was unlawfully pursued by Defendant, TROOPER ETHAN BERGER, and struck with the Taser while in motion on his ATV.

20. At all times relevant hereto, the electrical force of the Taser caused DAMON GRIMES to lose control of the ATV and propelled him into the rear end of another motor vehicle.

21. At all times relevant, Defendant, TROOPER ETHAN BERGER, knew or should have known that the pursuit of DAMON GRIMES and application of a Taser to an individual would have the effect of that person losing muscle control and to tase an individual on a moving ATV would be extremely dangerous and an excessive use of force.

22. At all times relevant, Defendant, TROOPER ETHAN BERGER, knew or should have known that the pursuit and application of a

Taser upon DAMON GRIMES, who was still in motion on the ATV, posed a substantial risk of death or serious injury.

23. That after DAMON GRIMES was shot with the Taser, Defendant, TROOPER ETHAN BERGER, did not stop the patrol vehicle and instead drove off.

24. DAMON GRIMES died as a direct and proximate result of the wrongful acts and omissions of Defendant TROOPER ETHAN BERGER.

25. That at all relevant times, Defendant, TROOPER ETHAN BERGER, was acting under the color of state law as a State Trooper employed by the State of Michigan and proximately caused DAMON GRIMES injuries as set forth herein

## COUNT I
## 42 U.S.C § 1983-EXCESSIVE FORCE

26. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

27. At all times relevant hereto, as a State Trooper acting under the color of law, Defendant, TROOPER ETHAN BERGER, acting in his individual capacity as a State Trooper for the State of Michigan, was required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

28. In violation of DAMON GRIMES' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant, unlawfully used and allowed excessive force against DAMON GRIMES, who was 15 years old, thereby causing his untimely death.

29. In violation of DAMON GRIMES' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant, TROOPER ETHAN BERGER, unlawfully used excessive force and/or failed to stop the use of excessive force against DAMON GRIMES, who was 15 years old, thereby causing his untimely death.

30. Under all the circumstances known to Defendant, TROOPER ETHAN BERGER, the pursuit and/or the physical force used against DAMON GRIMES was objectively unreasonable and clearly excessive.

31. Under all the circumstances known to Defendant, TROOPER ETHAN BERGER, the physical force used against DAMON GRIMES was objectively unreasonable and clearly excessive, and TROOPER ETHAN BERGER owed a duty to stop his own actions and the actions of the State

Trooper in the car with him and further, had the opportunity to stop such actions, but failed to do so.

32. The misconduct of Defendant, TROOPER ETHAN BERGER, directly and proximately caused DAMON GRIMES and family members of his estate to suffer numerous injuries and damages and family members of his estate will continue to suffer in the future, including but not limited to:

   a. Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
   b. Medical and hospital expenses;
   c. Funeral and burial expenses;
   d. Loss of financial support and/or future support from DAMON GRIMES;
   e. Loss of society and companionship of DAMON GRIMES;
   f. Death;
   g. Loss of service;
   h. Loss of gifts and/or other valuable gratuities;
   i. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   j. Punitive damages;
   k. Other damages, injuries, and consequences that are found to be related to the incident that develop during the course of discovery; and
   l. Any other damages allowed by law.

33. The acts and/or omissions of Defendant, TROOPER ETHAN BERGER, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of DAMON GRIMES. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

34. That Defendant is not entitled to qualified immunity.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant TROOPER ETHAN BERGER and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT II
## GROSS NEGLIGENCE

35. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

36. At all times relevant hereto, Defendant, TROOPER ETHAN BERGER, owed DAMON GRIMES a duty to not act in a grossly negligent manner, to act prudently and with reasonable care, and to avoid the use of unnecessary and unreasonable force.

37. Defendant, TROOPER ETHAN BERGER, breached the duties owed to DAMON GRIMES when Defendant acted with a substantial lack of concern and with reckless disregard for the safety of DAMON GRIMES, including but not limited to the following particulars:

  a. Allowing the use of a Taser on a child in response to a traffic violation thereby causing his death;

  b. Failing to exhaust all other less intrusive uses of force before authorizing/using the Taser upon DAMON GRIMES, a child;

c. Failing to issue verbal warning against DAMON GRIMES prior to allowing/using the Taser against him;

d. Authorizing and/or allowing use of a Taser at DAMON GRIMES who was operating a moving ATV, thereby causing a collision, in complete disregard for the safety of DAMON GRIMES and others;

e. Authorizing/allowing use of a Taser through an open window of a moving vehicle in violation of State of Michigan policies and procedures;

f. Engaging in a high-speed pursuit in response to a misdemeanor traffic violation in complete disregard for the safety of DAMON GRIMES and others;

g. Engaging in a high-speed pursuit in response to a misdemeanor traffic violation in violation of State of Michigan and/or City of Detroit Police Department policies and procedures;

h. Utilizing deadly force upon DAMON GRIMES who Defendant, TROOPER ETHAN BERGER, did not witness commit any violent crime or felony;

i. Utilizing deadly force upon DAMON GRIMES who was not in possession of a weapon and did not display any object that appeared to be a weapon;

j. Utilizing deadly force upon DAMON GRIMES who did not pose an immediate threat of harm to Defendant, TROOPER ETHAN BERGER, or any person in the immediate vicinity;

k. Utilizing deadly force upon DAMON GRIMES who did not threaten Defendant, TROOPER ETHAN BERGER, or any member of the public in any way;

l. Acting with reckless disregard for the safety of DAMON GRIMES; and

      m. All other breaches learned through the course of discovery which are hereby adopted by reference.

38. At all times relevant, Defendant, TROOPER ETHAN BERGER'S conduct was so reckless as to have a substantial disregard as to whether injury would occur and / or otherwise amounts to gross negligence.

39. As a result of the grossly negligent conduct of Defendant, TROOPER ETHAN BERGER, such acts were the proximate cause of all injuries claimed herein.

40. That the Defendant TROOPER ETHAN BERGER is not entitled to governmental immunity.

41. The misconduct of Defendant, TROOPER ETHAN BERGER, directly and proximately caused DAMON GRIMES and family members of his estate to suffer numerous injuries and damages and family members of his estate will continue to suffer in the future, including but not limited to:

      a. Conscious physical pain and suffering endured by DAMON GRIMES during the time between his injury and death;
      b. Medical and hospital expenses;
      c. Funeral and burial expenses;
      d. Loss of financial support and/or future support from DAMON GRIMES;
      e. Loss of society and companionship of DAMON GRIMES;
      f. Death;
      g. Loss of service;
      h. Loss of gifts and/or other valuable gratuities;
      i. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    j. Other damages, injuries, and consequences that are found to be related to the incident that develop during the course of discovery; and

    k. Any other damages allowed by law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against Defendant and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

    Respectfully submitted,

    */s/ Geoffrey N. Fieger*
    Geoffrey N. Fieger (P30441)
    James J. Harrington IV (P65351)
    Gina U. Puzzuoli (P37992)
    Danielle L. Dezbor (P79488)
    Fieger, Fieger, Kenney & Harrington, P.C.
    Attorney for Plaintiff
    19390 W. Ten Mile Rd.
    Southfield, MI 48075

Dated: November 1, 2017    (248) 355-5555

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
IN THE SOUTHERN DIVISION

MONIQUE GRIMES, as Personal Representative
of the Estate of DAMON GRIMES,

    Plaintiff,

v

                                  Case No.
                                  Hon.

TROOPER ETHAN BERGER,
Individually,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON IV (P65351)
GINA U. PUZZUOLI (P37992)
DANIELLE L. DEZBOR (P79488)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555

---

## **DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, MONIQUE GRIMES, as Personal

Representative of the Estate of DAMON GRIMES, Deceased, by and

through her attorneys FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demands a trial by jury in the above-captioned matter.

                                Respectfully submitted,

                                */s/ Geoffrey N. Fieger*
                                Geoffrey N. Fieger (P30441)
                                James J. Harrington IV (P65351)
                                Gina U. Puzzuoli (P37992)
                                Danielle L. Dezbor (P79488)
                                Fieger, Fieger, Kenney & Harrington, P.C.
                                Attorney for Plaintiff
                                19390 W. Ten Mile Rd.
                                Southfield, MI 48075
                                (248) 355-5555

Dated: November 1, 2017